# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JAMES E. CUNNINGHAM,** | )<br>) |
| Plaintiff, | ) Case No. 7:17CV00209<br>) |
| v. | ) **OPINION**<br>) |
| **DANVILLE CITY JAIL, ET AL.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*James E. Cunningham, Pro Se Plaintiff.*

Plaintiff James E. Cunningham, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Liberally construed, his Complaint alleges that living conditions at the local jail where he is confined violate his constitutional rights. Upon review of the record, I find that this lawsuit must be summarily dismissed.

Cunningham is incarcerated at the Danville City Jail ("the Jail"). Court records indicate that he is serving at least one term of confinement for violating the terms of his prior release under a suspended sentence. He brings this § 1983 action against the Jail and the City of Danville ("the City"). The allegations in Cunningham's Complaint are brief:

> Eye sight damage according to the flores[c]ent lights or from the lights over the years.

> No outside recreation—no windows and poor or no ventilation system, water taste[s] terrible jail under ground. No recreation once a day
>
> Can stay in Jail up to two years without going outside, no church service, a stank smell from poor circulation and meadow [sic]

Compl. 2, ECF No. 1. As relief, he seeks monetary compensation and transfer to another facility.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). To state a claim and survive dismissal under § 1915A(b)(1), the pleading must state sufficient facts to make it clear that a claim for relief is not merely conceivable, but "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). One of the defendants Cunningham names — the Jail itself — is not a "person" subject to suit under § 1983. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding that a jail is not a person for purposes of § 1983). *See*

*also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Because the Jail cannot be sued under § 1983, I will dismiss without prejudice all claims against this defendant under § 1915A(b)(1) as legally frivolous.

Cunningham also sues the City itself for the problems he has encountered at the jail. A municipality can be sued under § 1983 for constitutional violations committed by its employees under an "official municipal policy of some nature." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). Cunningham's Complaint states no facts indicating that the lighting, recreation schedule, ventilation system, and other undesirable conditions at the jail have been imposed on him to implement any policy or decision issued by City officials. Accordingly, I conclude that his claims against the City must also be summarily dismissed without prejudice as legally frivolous.[1]

---

[1] Moreover, Cunningham's allegations do not show that any official at the Jail knew any of the challenged conditions posed an excessive risk of harm or that Cunningham has suffered any serious physical injury as a result of those conditions. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994) (finding that to prove constitutional claim regarding unsafe jail conditions, inmate must show that official knew, subjectively, condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate it). Possible negligence by officials with regard to these conditions simply does not give rise to any constitutional claim actionable under § 1983. *See, e.g., Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

Cunningham has also filed a pleading that I construe as a Motion to Amend. He seeks to add a claim against the Jail and the City for denial of treatment for Hepatitis C at the Jail. Because I conclude that the proposed amended claim is futile, I will deny the Motion to Amend.

Cunningham's allegations in the Motion to Amend do not state any actionable § 1983 claim. He does not state what symptoms of the disease he is experiencing, when he asked for treatment, whether such treatment could reasonably be provided before the end of the term of confinement he is presently serving, or what injury he will suffer from not receiving treatment at the jail. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (holding that only a prison official's deliberate indifference to inmate's serious medical needs violates the Eighth Amendment). The deliberate indifference standard "is not satisfied by . . . mere disagreement concerning '[q]uestions of medical judgment.'" *Germain v. Shearin*, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished) (quoting *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975)). Thus, Cunningham's mere disagreement with the Jail's doctor about whether or not the current stage of his disease requires immediate treatment is not sufficient to support a constitutional claim. *See Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) (finding that in constitutional claim regarding prison medical care, "the essential test is one of medical necessity and not simply that which may be considered merely desirable").

A separate Final Order will be entered herewith.

DATED: June 6, 2017

/s/ James P. Jones
United States District Judge